

Jonathan C. McDonald
McDonald Law Office, PLLC
P.O. Box 1570
Helena, MT 59624
jm@mcdonaldlawmt.com
ph. (406) 442-1493

Ilana H. Eisenstein, *pro hac vice* forthcoming
DLA Piper LLC (US)
1650 Market Street, Suite 5000
Philadelphia, PA 19103
ilana.eisenstein@us.dlapiper.com
ph. (215) 656-3300

Peter Karanjia, *pro hac vice* forthcoming
DLA Piper LLC (US)
500 Eighth Street, NW
Washington, DC 20004
peter.karanjia@dlapiper.com
ph. (202) 799-4000

Attorneys for *Amici Curiae* NetChoice, LLC and Chamber of Progress

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| SAMANTHA ALARIO, *et al.*, <br><br>       *Plaintiffs,* <br><br> TIKTOK INC., <br><br>       *Consolidated Plaintiff,* <br><br> v. <br><br> AUSTIN KNUDSEN, *in his official capacity as Attorney General of the State of Montana,* <br><br>       *Defendant.* | Lead Case No. <br> CV 23-56-M-DWM <br><br> Member Case No. <br> CV 23-61-M-DWM <br><br> **UNOPPOSED MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF** |

Pursuant to Local Rule 7.5(b), NetChoice, LLC ("NetChoice") and Chamber of Progress file their Unopposed Motion for Leave to File *Amici Curiae* Brief ("Motion") and respectfully move for leave to file an *amici* brief in support of the plaintiffs and consolidated plaintiff's motions for preliminary injunctions in these consolidated cases (Dkt. Nos. 11, 17). In accordance with Local Rule 7.1(c), counsel for all parties have been contacted, and no party opposes this Motion.

## I.   *AMICI'S* INTEREST IN THIS MATTER

NetChoice is a national trade association of online businesses that works to protect free expression and promote free enterprise online. NetChoice's member organizations have an interest in this proceeding, which arises out of the State of Montana's outright ban of a single social media platform that was specifically targeted by the State government. The availability of an open, free, and non-fragmented Internet is critically important to NetChoice's members, who depend on an Internet free of arbitrary boundaries that curtail speech and commerce. Far beyond resolving a particular dispute between the parties, this litigation has potentially grave implications for the commercial and constitutional interests of NetChoice's members and the countless Americans who rely on their services every day.

Chamber of Progress is a tech-industry coalition devoted to a progressive society, economy, workforce, and consumer climate. Chamber of Progress backs

public policies that will build a fairer, more inclusive country in which the tech industry operates responsibly and fairly, and in which all people benefit from technological leaps. Chamber of Progress seeks to protect Internet freedom and free speech, to promote innovation and economic growth, and to empower technology customers and users.

## II.    THE PROPOSED *AMICI* BRIEF IS RELEVANT AND DESIRABLE

"The Ninth Circuit has held that '[t]he district court has broad discretion to appoint *amici curiae*.'" *Cmty. Health Ctr. All. for Patient Access v. Lightbourne*, No. 20-02171, 2023 U.S. Dist. LEXIS 24761, at *3 (E.D. Cal. Feb. 13, 2023) (alteration in original) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). Indeed, "[e]ven when a party is very well represented, an amicus may provide important assistance to the court." *Neonatology Assocs., P.A. v. Commissioner*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.). "The touchstone is whether the amicus is 'helpful.'" *Cmty. Health Ctr. All. for Patient Access*, 2023 U.S. Dist. LEXIS 24761, at *3 (internal quotation marks and citation omitted).

This Court's Local Rules echo the longstanding case law on this issue. Pursuant to Local Rule 7.5(b)(2)(D), this Court requires a prospective *amicus* to "state why an *amicus* brief is desirable and relevant, including why the parties cannot adequately address the matter." D. Mont. L.R. 7.5(b)(2)(D). *Amicus* briefs are

desirable and relevant, and thus "welcome," when they "concern[] legal issues that have potential ramifications beyond the parties directly involved or if the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Health Ctr. All. for Patient Access*, 2023 U.S. Dist. LEXIS 24761, at *5 (internal quotation marks and citation omitted). Both circumstances are present here.

First, this Court's decision may have far-reaching effects. Countless e-commerce and online businesses, including NetChoice and Chamber of Progress members, have an interest in ensuring that States (such as Montana here) respect principles of federalism and do not overstep their authority in seeking to impermissibly regulate the Internet—an inherently interstate and international network. Where, as here, a decision may affect broad swaths of American businesses and consumers that are not represented in the litigation, the arguments of the parties—which primarily focus on their own interests—cannot adequately frame the scope and magnitude of the issues.

Second, NetChoice and Chamber of Progress have distinctive perspectives and useful information to aid this Court in its decision. As now-Justice Samuel Alito once aptly explained, "[s]ome friends of the court are entities with particular expertise not possessed by any party to the case." *Neonatology Assocs., P.A.*, 293 F.3d at 132. Others focus on broader points than those addressed by the parties. *Id.*

And "[s]till others explain the impact a potential holding might have on an industry or other group." *Id.* NetChoice, as a national trade association, and Chamber of Progress, as a tech-industry coalition, both representing a broad segment of the online economy, are well suited to fulfill each of these roles.

Both NetChoice and Chamber of Progress have substantial expertise in e-commerce and the workings of the online-information industry. This expertise positions *amici* to aid the Court in understanding the broad implications of the statewide ban at issue here. Many of those implications invoke questions of federalism, constitutional rights, and important public policies. Through their brief, *amici* will address these crucial issues in a manner that will not duplicate the arguments of the parties, but, instead, will complement those arguments and add context to them. In particular, *amici* plan to explain in their proposed brief how allowing the State's ban of TikTok to stand would have serious adverse ramifications in fragmenting the Internet, violating core principles of federalism, and harming local businesses. *Amici* have deep knowledge of online industries, understand the needs of their members, and are acutely aware of the impact this decision may have on *amici*'s members and countless Americans who rely on their online services daily.

For all of these reasons, NetChoice and Chamber of Progress respectfully submit that their proposed *amici* brief is relevant and desirable insofar as it will assist

the Court in understanding the far-reaching ramifications of the statewide ban. Accordingly, *amici* respectfully move this Court for leave to file an *amici* brief in support of the preliminary injunction sought here.

## III.  TIMING OF *AMICI* BRIEF

The Motion is timely. On July 5, 2023, TikTok and the individual plaintiffs filed their respective motions for preliminary injunction and supporting briefs. *See* Dkt. Nos. 11–18. That same day, all parties filed a Joint Motion for Schedule for Briefing and Hearing on Plaintiffs' and Consolidated Plaintiff's Motions for Preliminary Injunction. Dkt. No. 19. Pursuant to that joint motion, the parties agreed that motions for leave to file *amicus* briefs should be submitted on or before August 4, 2023, and that the defendant's opposition brief should be due on August 18, 2023. NetChoice and Chamber of Progress respectfully move this Court for leave to file an *amici* brief of no more than 4,000 words on or before August 4, 2023, which is shortly after the filing of the briefing in support of a preliminary injunction and well before the deadline for responsive briefing.

## IV.  CONCLUSION

For all of the foregoing reasons, NetChoice and Chamber of Progress respectfully move this Court for leave to file an *amici* brief of no more than 4,000 words in support of the plaintiffs and consolidated plaintiff's motions for preliminary injunctions in these consolidated cases.

Dated: July 26, 2023

Respectfully submitted,

By: */s/ Jonathan C. McDonald*
Jonathan C. McDonald
McDonald Law Office, PLLC
P.O. Box 1570
Helena, MT 59624
jm@mcdonaldlawmt.com
ph. (406) 442-1493

Ilana H. Eisenstein, *pro hac vice* forthcoming
DLA Piper LLC (US)
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103
ilana.eisenstein@us.dlapiper.com
ph. (215) 656-3300

Peter Karanjia, *pro hac vice* forthcoming
DLA Piper LLC (US)
500 Eighth Street, NW
Washington, DC 20004
peter.karanjia@dlapiper.com
ph. (202) 799-4000

*Attorneys for Amici Curiae, NetChoice LLC*
*and Chamber of Progress*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Local Rule 7.5(b)(2)(B), *Amici Curiae* NetChoice, LLC ("NetChoice") and Chamber of Progress file this Corporate Disclosure Statement, which complies with the requirements of Federal Rule of Civil Procedure 7.1.

NetChoice hereby discloses that it is a 501(c)(6) District of Columbia organization, and has no parent corporation, nor does any publicly held corporation own 10% or more of its stock.

Chamber of Progress hereby discloses that it is a 501(c)(6) Virginia organization, and has no parent corporation, nor does any publicly held corporation own 10% or more of its stock.

Dated: July 26, 2023          Respectfully submitted,

By: */s/ Jonathan C. McDonald*
Jonathan C. McDonald
McDonald Law Office, PLLC
203 N. Ewing Street P.O. Box 1570
Helena, MT 59624
jm@mcdonaldlawmt.com
ph. (406) 442-1493

Ilana H. Eisenstein, *pro hac vice* forthcoming
DLA Piper LLC (US)
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103
ilana.eisenstein@us.dlapiper.com
ph. (215) 656-3300

Peter Karanjia, *pro hac vice* forthcoming
DLA Piper LLC (US)
500 Eighth Street, NW
Washington, DC 20004
peter.karanjia@dlapiper.com
ph. (202) 799-4000

*Attorneys for Amici Curiae, NetChoice LLC*
*and Chamber of Progress*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Unopposed Motion for Leave to File *Amici Curiae* Brief, including the Corporate Disclosure Statement, contains 1,239 words, exclusive of caption and certificates of service and compliance.

Dated: July 26, 2023

By: */s/ Jonathan C. McDonald*
Jonathan C. McDonald

## CERTIFICATE OF SERVICE

I certify that on July 26, 2023, I caused the foregoing Unopposed Motion for Leave to File *Amici Curiae* Brief, including the Corporate Disclosure Statement, to be submitted to the clerk in person and served on each party of record by U.S. mail and email.

Dated: July 26, 2023

By: */s/ Jonathan C. McDonald*
Jonathan C. McDonald