AUSTIN KNUDSEN
Montana Attorney General
CHRISTIAN B. CORRIGAN
  *Solicitor General*
PETER M. TORSTENSEN, JR.
  *Assistant Solicitor General*
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone:  406-444-2026
Fax:  406-444-3549
christian.corrigan@mt.gov
peter.torstensen@mt.gov

*Counsel for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SAMANTHA ALARIO, et al.,<br><br>   *Plaintiffs,*<br> and<br><br>TIKTOK, INC.,<br><br>   *Consolidated Plaintiff,*<br> v.<br><br>AUSTIN KNUDSEN, *in his official capacity as Attorney General of the State of Montana,*<br><br>   *Defendant.* | Lead Case No.<br>CV-23-56-M-DWM<br><br>Member Case No.<br>CV 23-61-M-DWM<br><br>**ANSWER TO CONSOLIDATED PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

1

Defendant Austin Knudsen, in his official capacity as Attorney General of the State of Montana, submits this Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief ("Complaint"), *see* ECF No. 1, *TikTok Inc., v. Austin Knudsen*, Case No. CV 23-61-M-DWM (consolidated with lead case *Samantha Alario, et al., v. Austin Knudsen*, Case No. CV-56-M-DWM).   In numbered paragraphs corresponding to those in the Complaint, Defendant alleges as follows:

## INTRODUCTION

1.    To the extent that Paragraph 1 contains Plaintiff's characterization of the case and conclusions of law and/or arguments of counsel, no response is required.  Defendant lacks knowledge or information sufficient to admit or deny the allegation that TikTok "empowers hundreds of thousands of users in Montana to communicate and express themselves, primarily through creating, sharing, and interacting with short-form videos."

2.    Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 2.

3.    Defendant admits that the Governor of Montana signed An Act Banning TikTok ("TikTok Ban") in Montana on May 17, 2023 and

that the TikTok Ban is set to go into effect on January 1, 2024.  The remaining portions of Paragraph 3 purport to characterize the TikTok Ban (attached as Exhibit A to the Complaint), which speaks for itself and is the best evidence of its contents; therefore no response is required to those remaining portions of Paragraph 3.

4.     To the extent Paragraph 4 contains Plaintiff's characterizations of SB 419, no response is required.  To the extent a response is required, denied.  Defendant denies the remaining allegations in Paragraph 4.

5.     Paragraph 5 contains Plaintiff's characterization of the case and conclusions of law and/or arguments of counsel, so no response is required.  To the extent a response is required, denied.

6.     To the extent that Paragraph 6 contains Plaintiff's characterization of the case and conclusions of law and/or arguments of counsel, no response is required, but to the extent a response is required, denied.  Paragraph 6 also purports to characterize an article containing the Governor of Montana's suggested changes to the TikTok Ban which speaks for itself and is therefore the best evidence of its contents; therefore, no response is required.  Defendant admits that the Governor proposed

amendments to the TikTok Ban and that he signed it into law.  Defendant lacks knowledge or information sufficient to admit or deny the allegation that the Legislature did not consider the Governor's proposed amendments.

7.    The allegations in Paragraph 7 contain conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

8.    The allegations in Paragraph 8 contain conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response may be deemed required, Defendant denies that Plaintiff is entitled to the relief sought or to any other form of relief.

## JURISDICTION AND VENUE

9.    The allegations in Paragraph 9 contain conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

10.    The allegations in Paragraph 10 contain conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

11.    The allegations in Paragraph 11 contain conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

12.    The allegations in Paragraph 12 contain conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.  Defendant lacks knowledge or information sufficient to admit or deny the allegation regarding the number of users who accessed TikTok in counties within the Missoula division or the relative concentration of users in the Missoula division as compared to users in other divisions of the District of Montana.

13.    Defendant admits that a related case was filed in the Missoula division on May 17, 2023, captioned *Alario et al. v. Knudsen*, CV-23-56-M-DWM (D. Mont.).  Paragraph 13 purports to characterize the claims raised in the complaint filed in that case, which speaks for itself and therefore is the best evidence of its contents; therefore no response is required.  To the extent the allegations in Paragraph 13 contain conclusions of law and/or arguments of counsel, no response is required.  To the extent a response is required, denied.

**PARTIES**

**A. Plaintiff**

14.    Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 14.

**B. Defendant**

15.    Defendant admits that Austin Knudsen is the Attorney General of Montana, which is the head of the Montana Department of Justice. To the extent Paragraph 15 contains conclusions of law and/or arguments of counsel, no response is required.

**FACTUAL ALLEGATIONS**

**A. TikTok is a Popular and Important Platform for Users to Communicate With Others Through a Wide Range of Expression and Creative Content.**

16.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 16.  To the extent Paragraph 16 purports to characterize the contents of a website, which speaks for itself and is therefore the best evidence of its contents, no response is required.

17.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 17.

18.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 18.  To the extent Paragraph 18

6

purports to characterize the contents of a website, which speaks for itself and is therefore the best evidence of its contents, no response is required.

19.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 19.

20.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 20.

21.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 21.

22.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 22.

23.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 23.   To the extent Paragraph 23 purports to characterize the contents of a TikTok video, which speaks for itself and is therefore the best evidence of its contents, no response is required.

24.  Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 24.   To the extent Paragraph 24 purports to characterize the contents of news articles, which speak for

themselves and are therefore the best evidence of their contents, no response is required.

25.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 25.  To the extent Paragraph 25 purports to characterize the contents of a TikTok user's account, which speaks for itself and is therefore the best evidence of its contents, no response is required.

26.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 26.  To the extent Paragraph 26 purports to characterize the contents of news articles, which speak for themselves and are therefore the best evidence of their contents, no response is required.

27.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 27.  To the extent Paragraph 27 purports to characterize the contents of news articles, which speak for themselves and are therefore the best evidence of their contents, no response is required.

28.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 28.  To the extent Paragraph 28

purports to characterize the contents of a news article and hashtag, #christiantiktok, which speak for themselves and are therefore the best evidence of their contents, no response is required.  Defendant lacks knowledge and information sufficient to admit or deny the allegation regarding the number of views for hashtag #christiantiktok.

29.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 29.  To the extent Paragraph 29 purports to characterize the contents of news articles, which speak for themselves and are therefore the best evidence of their contents, no response is required.

30.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 30.

31.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 31.

32.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 32.  To the extent Paragraph 32 purports to characterize the contents of news articles, which speak for themselves and are therefore the best evidence of their contents, no response is required.

33.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 33.  To the extent Paragraph 33 purports to characterize the contents of TikTok user accounts, which speak for themselves and are therefore the best evidence of their contents, no response is required.

34.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 34.

## B. Plaintiff Has Implemented Safeguards to Protect the Privacy and Security of User Data.

35.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 35.

36.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 36.  To the extent Paragraph 36 purports to characterize the contents of the TikTok Privacy Policy, which speaks for itself and is therefore the best evidence of its contents, no response is required.

37.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 37.

38.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 38.

39.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 39.

40.     Deny.

## C. TikTok Has Safeguards in Place to Moderate Harmful Content and Protect Minor Users.

41.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 41.

42.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 42.

43.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 43.

44.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 44.  To the extent Paragraph 44 purports to characterize the contents of TikTok's Community Guidelines, which speaks for itself and is therefore the best evidence of its contents, no response is required.

45.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 45.  To the extent Paragraph 45 purports to characterize the contents of a TikTok Community Guidelines

Enforcement Report, which speaks for itself and is therefore the best evidence of its contents, no response is required.

46.   Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 46.

47.   Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 47.

48.   Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 48.

49.   Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 49.  To the extent Paragraph 49 purports to characterize the contents of a news article, which speaks for itself and is therefore the best evidence of its contents, no response is required.

50.   Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 50.

### D. The Montana Government's Ban of TikTok in the State.

51.   To the extent that Paragraph 51 contains Plaintiff's characterization of the case and conclusions of law and/or arguments of counsel, no response is required.  Paragraph 51 also purports to characterize an

article containing the Governor of Montana's suggested changes to the TikTok Ban, which speaks for itself and is therefore the best evidence of its contents; therefore, no response is required.  Defendant admits that the Governor proposed amendments to the TikTok Ban and ultimately signed it into law on May 17, 2023.  Defendant lacks knowledge or information sufficient to admit or deny the allegation that the Legislature did not consider the Governor's proposed amendments.

52.    To the extent Paragraph 52 contains Plaintiff's characterization of the purpose of the TikTok Ban, no response is required.  Defendant admits that Sen. Shelley Vance was the bill's primary sponsor and that Rep. Brandon Ler was another sponsor of the bill.  Paragraph 52 also purports to characterize a portion of a statement from Sen. Vance from a March 23, 2023 hearing and a portion of a statement from Rep. Ler from an April 13, 2023 floor session, the full contents of which speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

53.    Paragraph 53 purports to characterize the content of the TikTok Ban (attached as Exhibit A to the Complaint), which speaks for itself and is the best evidence of its contents; therefore no response is required.

54.     Paragraph 54 purports to characterize the content of the Tik-Tok Ban (attached as Exhibit A to the Complaint), which speaks for itself and is the best evidence of its contents; therefore no response is required.

55.     To the extent Paragraph 55 contains Plaintiff's characterization of the effects of the TikTok Ban, no response is required.  Paragraph 55 also purports to characterize the contents of news articles, which speak for themselves and are therefore the best evidence of their contents, so no response is required.

56.     The allegations in Paragraph 56 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

57.     Paragraph 57 purports to characterize the content of the Tik-Tok Ban (attached as Exhibit A to the Complaint) or the veracity of the Legislature's "findings," which speak for themselves and are the best evidence of their contents; therefore no response is required.

58.     To the extent Paragraph 58 contains Plaintiff's characterization of the case or conclusions of law and/or arguments of counsel, no response is required.  Defendant denies that the "allegations" made in the TikTok Ban's findings are "entirely false."

14

59.     To the extent Paragraph 59 contains Plaintiff's characteriza-tion of the case or conclusions of law and/or arguments of counsel, no re-sponse is required.  Paragraph 59 also purports to characterize a news article concerning the protection of user data, which speaks for itself and is therefore the best evidence of its contents; therefore, no response is required.  To the extent a response is required, denied.

### E. The TikTok Ban Encroaches on the Federal Government's Exclusive Authority Over Matters of National Security and Foreign Affairs.

60.     The allegations in Paragraph 60 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

61.     The allegations in Paragraph 61 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

62.     The allegations in Paragraph 62 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent Paragraph 62 purports to characterize a Statement from National Security Advisor Jake Sullivan, which speaks for itself and therefore is

the best evidence of its contents, no response is required.  To the extent a response is required, denied.

63.    Defendant lacks knowledge or information sufficient to admit or deny allegations in Paragraph 63 concerning the interactions between the federal government, Plaintiff, and ByteDance Ltd., to address perceived national security risks related to TikTok.  To the extent Paragraph 63 purports to characterize the purpose of Montana's TikTok Ban, no response is required.

### a. Section 721 and CFUIS

64.    The allegations in Paragraph 64 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

65.    The allegations in Paragraph 65 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

66.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 66.

67.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 67 regarding the implementation of

mitigation strategies to protect U.S. user data.  To the extent Paragraph 67 purports to characterize a Status Report in *TikTok Inc. v. CFIUS*, No. 20-1444 (D.C. Cir. Apr. 24, 2023), which speaks for itself and therefore is the best evidence of its contents, no response is required.

### b. IEEPA

68.    The allegations in Paragraph 68 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

69.    The allegations in Paragraph 69 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

70.    The allegations in Paragraph 70 constitute conclusions of law and/or arguments of counsel, to which no response is required.

71.    The allegations in Paragraph 71 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

72.    Paragraph 72 purports to characterize Executive Order 13942 (Aug. 6, 2020), entitled "Addressing the Threat Posed by TikTok," which

speaks for itself and is therefore the best evidence of its contents; therefore, no response is required.

73.    Paragraph 73 purports to characterize the Complaint challenging the contents of Executive Order 13942, *see* Compl., *TikTok Inc. v. Trump*, No. 20-cv-2658 (D.D.C. Sept. 18, 2020), which speaks for itself and is therefore the best evidence of its contents; therefore, no response is required.

74.    Paragraph 74 purports to characterize two preliminary injunction orders, dated September 27, 2020, and December 7, 2020, *see TikTok Inc. v. Trump*, 490 F. Supp. 3d 73, 76 (D.D.C. 2020); *TikTok Inc. v. Trump*, 507 F. Supp. 3d 92, 96 (D.D.C. 2020), which speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

75.    Paragraph 75 purports to characterize Executive Order 14034 (June 9, 2021), entitled "Protecting Americans' Sensitive Data From Foreign Adversaries," which speaks for itself and is therefore the best evidence of its contents; therefore, no response is required.

76.    Paragraph 76 purports to characterize an order granting the federal government's motion to voluntarily dismiss its appeal of the

preliminary injunction orders, *see TikTok Inc. v. Biden*, No. 20-5381, 2021 WL 3082803 (D.C. Cir. July, 14, 2021), which speaks for itself and is therefore the best evidence of its contents; therefore, no response is required.

77.   Paragraph 77 contains Plaintiff's characterization of the case and conclusions of law and/or arguments of counsel, so no response is required.  To the extent a response is required, denied.

### F. Enforcement of the TikTok Ban Would Cause Plaintiff Irreparable Harm.

78.   Defendant denies that enforcement of the TikTok Ban would result in any legally cognizable harm to Plaintiff.

79.   To the extent that the allegations in Paragraph 79 contain Plaintiff's characterization of the case and conclusions of law and/or arguments of counsel, no response is required.  Paragraph 79 also purports to characterize select portions of two articles, which speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

80.   To the extent that the allegations in Paragraph 80 contain Plaintiff's characterization of the case, no response is required.  Defendant lacks knowledge or information sufficient to admit or deny the

allegation that enforcement of the TikTok Ban would destroy Plaintiff's business in Montana.

81.   To the extent that the allegations in Paragraph 81 contain Plaintiff's characterization of the case, no response is required.  Defendant lacks knowledge or information sufficient to admit or deny the allegation that the TikTok Ban would destroy the goodwill Plaintiff needs to partner with businesses and advertisers based in Montana or who wish to advertise to Montana consumers.

82.   To the extent that the allegations in Paragraph 82 contain Plaintiff's characterization of the case, no response is required.  Defendant lacks knowledge or information sufficient to admit or deny the allegation that enforcement of the TikTok Ban may cause mobile application stores to make TikTok unavailable for download in Montana (or nationwide).

83.   To the extent that the allegations in Paragraph 83 contain Plaintiff's characterization of the case, conclusions of law, or arguments of counsel, no response is required.  Defendant admits that the TikTok Ban is scheduled to go into effect on January 1, 2024.  To the extent any other response is required, denied.

84.    To the extent that the allegations in Paragraph 84 contain Plaintiff's characterization of the case or conclusions of law and/or arguments of counsel, no response is required.  Paragraph 84 also purports characterize select portions of an article, which speaks for itself and is therefore the best evidence of its contents; therefore, no response is required.  To the extent a response is required, denied.

### CLAIMS FOR RELIEF

### Count 1: The TikTok Ban Violates the First Amendment.

85.    Defendant incorporates by reference all prior paragraphs of this Answer and the paragraphs in the counts below as though fully set forth here.

86.    The allegations in Paragraph 86 purport to characterize the First Amendment to the U.S. Constitution.  Defendant states that the First Amendment speaks for itself and is the best evidence of its contents; therefore, no response is required.  To the extent the allegations in Paragraph 86 constitute conclusions of law and/or arguments of counsel, no response is required.  To the extent a response is required, denied.

87.    The allegations in Paragraph 87 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

88.    The allegations in Paragraph 88 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

89.    The allegations in Paragraph 89 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

90.    The allegations in Paragraph 90 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

91.    The allegations in Paragraph 91 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

92.    The allegations in Paragraph 92 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

93.    Paragraph 93 purports to characterize a staff attorney memorandum and an article containing the Governor of Montana's suggested changes to the TikTok Ban; these documents speak for themselves and are therefore the best evidence of their contents, so no response is required.  To the extent that the allegations in Paragraph 93 constitute conclusions of law and/or arguments of counsel, no response is required. To the extent a response is required, denied.  Defendant admits that the Governor proposed amendments to the TikTok Ban but lacks knowledge or information sufficient to admit or deny the allegation that the Legislature did not consider the Governor's proposed amendments.

94.    The allegations in Paragraph 94 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

95.    The allegations in Paragraph 95 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

96.    The allegations in Paragraph 96 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

97.   The allegations in Paragraph 97 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

98.   The allegations in Paragraph 98 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

99.   The allegations in Paragraph 99 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

100.  The allegations in Paragraph 100 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

101.  The allegations in Paragraph 101 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

102.  The allegations in Paragraph 102 constitute conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, denied.

103.  The allegations in Paragraph 103 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

### Count 2: The TikTok Ban Is Preempted By Federal Law.

104.  Defendant incorporates by reference all prior paragraphs of this Answer and the paragraphs in the counts below as though fully set forth here.

105.  The allegations in Paragraph 105 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

106.  The allegations in Paragraph 106 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

107.  The allegations in Paragraph 107 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

108.  The allegations in Paragraph 108 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

109.  The allegations in Paragraph 109 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

110.  The allegations in Paragraph 110 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

111.  The allegations in Paragraph 111 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

112.  To the extent the allegations in Paragraph 112 constitute conclusions of law and/or arguments of counsel, no response is required.  Defendant lacks knowledge or information sufficient to admit or deny allegations in Paragraph 112 concerning the interactions between Plaintiff and CFIUS to identify mitigation measures short of a complete ban to address national security risks related to TikTok.  To the extent a response is required, denied.

113.  Paragraph 113 contains Plaintiff's characterization of the case and conclusions of law and/or arguments of counsel, so no response is required.  To the extent a response is required, denied.

114.  The allegations in Paragraph 114 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

115.  The allegations in Paragraph 115 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

116.  The allegations in Paragraph 116 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

117.  The allegations in Paragraph 117 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

## Count 3: The TikTok Ban Violates the Commerce Clause and Disrupts the Constitution's Structural Distribution of Authority Between Federal and State Governments.

118.  Defendant incorporates by reference all prior paragraphs of this Answer and the paragraphs in the count below as though fully set forth here.

119. The allegations in Paragraph 119 constitute conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, denied.

120. The allegations in Paragraph 120 constitute conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, denied.

121. The allegations in Paragraph 121 constitute conclusions of law and/or arguments of counsel, to which no response is required. To the extent a response is required, denied.

122. To the extent that Paragraph 122 contains Plaintiff's characterization of the case, no response is required. Defendant lacks knowledge or information sufficient to admit or deny allegations concerning the number of TikTok users in the United States.

123. To the extent that Paragraph 123 contains Plaintiff's characterization of the case, no response is required. Defendant lacks knowledge or information sufficient to admit or deny allegations concerning possible disruptions to the flow of interstate commerce.

124. To the extent the allegations in Paragraph 124 constitute conclusions of law and/or arguments of counsel, no response is required.

Defendant lacks knowledge or information sufficient to admit or deny the allegation that enforcement of the TikTok Ban may cause mobile application stores to make TikTok unavailable for download in Montana (or nationwide).  To the extent a response is required, denied.

125.  The allegations in Paragraph 125 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

126.  The allegations in Paragraph 126 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

127.  The allegations in Paragraph 127 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

128.  The allegations in Paragraph 128 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

**Count 4: The TikTok Bill Is an Unconstitutional Bill of Attainder.**

129.  Defendant incorporates by reference all prior paragraphs of this Answer as though fully set forth here.

130.  The allegations in Paragraph 130 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

131.  The allegations in Paragraph 131 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

132.  The allegations in Paragraph 132 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

133.  The allegations in Paragraph 133 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

134.  The allegations in Paragraph 134 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

135.  To the extent the allegations in Paragraph 135 constitute conclusions of law and/or arguments of counsel, no response is required.  Paragraph 135 also purports to characterize select statements from an article and from a House debate; the article and the statements speak for

themselves and therefore are the best evidence of their contents, so no response is required.  To the extent a response is required, denied.

136.  To the extent that Paragraph 136 contains Plaintiff's characterization of the case and conclusions of law and/or arguments of counsel, no response is required.  Paragraph 136 also purports to characterize select statements during a House Judiciary Committee Hearing and from a House floor session; the statements speak for themselves and therefore are the best evidence of their contents, so no response is required.  To the extent a response is required, denied.

137.  The allegations in Paragraph 137 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

138.  The allegations in Paragraph 138 constitute conclusions of law and/or arguments of counsel, to which no response is required.  To the extent a response is required, denied.

## REQUESTED RELIEF

The remainder of the Complaint constitutes Plaintiff's request for relief, to which no response is required.  To the extent a response may be

deemed required, Defendant denies that Plaintiff is entitled to the relief sought or any form of relief.

### GENERAL DENIAL

Defendant denies every allegation in the Complaint not expressly admitted above, including any for which Defendant deem no response to be required (should the Court determine otherwise).

### AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without prejudice to the denials in this Answer, and without admitting any allegations of the Complaint not otherwise admitted.  Defendant reserves the right to further amend these pleadings to add such further affirmative defenses as discovery and development of the case may disclose:

1.   The Complaint fails to state a claim upon which relief can be granted.

2.   Plaintiff lacks standing.

WHEREFORE, Defendant Austin Knudsen, in his official capacity as Montana Attorney General prays for the following relief:

1.   That Plaintiff takes nothing by its Complaint;

2.      For Judgment for Defendant on all counts of Plaintiff's Complaint;

3.      For costs of suit an attorneys' fee as allowed by law;

4.      For any other relief the Court deems just and proper.

DATED this 31st day of July, 2023.

AUSTIN KNUDSEN
   *Montana Attorney General*

CHRISTIAN B. CORRIGAN
   *Solicitor General*

*/s/ Peter M. Torstensen, Jr.*
PETER M. TORSTENSEN, JR.
   *Assistant Solicitor General*
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
christian.corrigan@mt.gov
peter.torstensen@mt.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this date, an accurate copy of the foregoing document was served electronically through the Court's CM/ECF system on registered counsel.

Dated:  <u>July 31, 2023</u>         <u>/s/ *Peter M. Torstensen, Jr.*</u>
                                                          PETER M. TORSTENSEN, JR.