IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SAMANTHA ALARIO, et al., <br><br> Plaintiffs, <br> and <br><br> TIKTOK INC., <br><br> Consolidated Plaintiff, <br><br> vs. <br><br> AUSTIN KNUDSEN, in his official capacity as Attorney General of the State of Montana, <br><br> Defendant. | Lead Case No. <br> CV 23–56–M–DWM <br><br> Member Case No. <br> CV 23–61–M–DWM <br><br> ORDER |

Four sets of petitioners have moved unopposed to participate as amicus curiae in this consolidated case: (1) NetChoice, LLC and Chamber of Progress, (Doc. 25); (2) American Civil Liberties Union, American Civil Liberties Union of Montana, and Electronic Frontier Foundation, (Doc. 26); (3) Computer and Communications Industry Association, (Doc. 27); and (4) Media Law Resource Center and Reporters Committee for Freedom of the Press, (Doc. 28).

The role of an amicus curiae is to act as "an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and whose function is to advise in order that justice may be done, rather than to

1

advocate a point of view so that a cause may be won by one party or another." *See Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982). Amicus curiae fulfill this role by submitting briefing designed to supplement and assist in cases of public interest and draw the court's attention to law that might otherwise escape consideration. *See Miller–Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). But importantly, "[a]n amicus curiae is not a party to litigation." *See id.* Consistently, an amicus brief should be allowed when the amicus has unique information or perspective that can help the court beyond counsel for the parties are able to provide; otherwise, leave to file an amicus curiae brief should be denied. *See N. Sec. Co. v. United States*, 191 U.S. 555, 556 (1903). The privilege of being heard amicus rests in the discretion of the court, which may grant or refuse leave as it deems necessary so long as the proffered information is timely and useful. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

This being a case with substantial public interest, amicus briefing may be helpful to provide unique information and perspective beyond that provided by the parties. Because each motion referenced herein seeks leave to file briefing that is both timely and useful,

IT IS ORDERED that the motions (Docs. 25, 26, 27, 28) are GRANTED as follows:

1. Each amicus curiae shall file briefs within 14 days of the date of this order of no more than 4,000 words in length, focused exclusively on the issues and expertise enumerated in their respective motions for leave.

2. In all filings with the Court, amici shall not use initialisms or acronyms except for those widely known and commonly referred to in spoken language. *See The Bluebook: A Uniform System of Citation* R. 6.1(b) (Columbia L. Rev. Ass'n et al. eds., 21st ed. 2020).

DATED this 1st day of August, 2023.

_____
Donald W. Molloy, District Judge
United States District Court