Jack G. Connors
DONEY CROWLEY P.C.
P.O. Box 1185
Helena, MT 59624-1185
Telephone: (406) 443-2211
Facsimile: (406) 449-8443
Email: jconnors@doneylaw.com

Joel L. Thayer*
Thayer, PLLC
1255 Union Street, 7th Floor
Washington, D.C. 20002
Telephone: (760) 668-0934
Email: JThayer@thayer.tech
*pro hac vice application forthcoming

*Attorneys for Proposed Amicus Curiae, Digital Progress Institute*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| SAMANTHA ALARIO, et al., | Lead Case No. CV 23-56-M-DWM |
| Plaintiff, | |
| TIKTOK INC., | Member Case No. CV 23-61-M-DWM |
| Consolidated Plaintiff; | |
| vs. | **UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF** |
| AUSTIN KNUDSEN, in his official capacity as Attorney General of the State of Montana, | |
| Defendant. | |

Pursuant to Local Rule 7.5(b), the Digital Progress Institute ("Institute") files its Unopposed Motion for Leave to File an *Amicus Curiae* Brief ("Motion") in opposition of the plaintiffs and consolidated plaintiffs' motions for preliminary injunctions in these consolidated cases (Doc. 11, 17). The parties have jointly "agree[d] they will not oppose any timely filed amicus motions . . ." and "[m]otions for leave to file amicus briefs in opposition to the motions for preliminary injunction shall be filed by September 1, 2023." (Doc. 19 at 4-5). Therefore, it is believed this Motion is unopposed.

I.  *AMICUS'S* INTEREST IN THIS MATTER

The Institute is a thought leader in the intersection between constitutional fidelity and Internet regulation. Its core mission is to advocate for incremental and bipartisan policies and laws in the technology and telecommunications spaces that: 1) promote a holistic approach to Internet regulation; 2) encourage robust competition in the technology space; 3) ensure privacy for every consumer; 4) produce thoughtful policy frameworks that facilitate ubiquitous broadband; and 5) facilitate the United States' success in 5G and beyond. Preventing TikTok from engaging in espionage on behalf of the Chinese Communist Party ("CCP") is fundamental to the Institute's first and third principles articulated above.

The Institute believes that Montana's law at issue meets all of the Institute's metrics of good governance. Montana's law is not only incremental in

scope and bipartisan, but it also takes a holistic approach to Internet regulation when addressing cybersecurity and is critical to the promise of privacy for all. Again, these are two foundational principles on which the Institute was built, which further informs the Institute's interest in participating as an *amicus* in this case.

The Institute has demonstrated as much by testifying in favor of Montana's law at issue in front of the State's House of Representatives. *See* Testimony of Joel Thayer on Montana's S.B. 419 (Mar. 28, 2023) available at https://digitalprogress.tech/wp-content/uploads/2023/03/Montana-Testimony-on-TikTok.pdf . Moreover, the Institute's president has written extensively through editorials and thought pieces concerning the dangers TikTok poses to our citizens and how Montana's law in particular feeds into the broader national conversation. *E.g.*, Joel Thayer, *On TikTok, It's All Fun and Games Until China Wants Your Info*, The Wall Street Journal (Jul. 21, 2022), available at https://www.wsj.com/articles/on-tiktok-its-all-fun-and-games-until-beijing-wants-your-info-china-ccp-national-security-app-store-apple-google-information-data-11658347613; *see also* Joel Thayer, *The Legal Case for Montana's TikTok Ban*, The Hill (Jun. 4, 2023, 2:00 P.M.), available at https://thehill.com/opinion/technology/4032379-the-legal-case-for-montanas-tiktok-ban/; *see also* Joel Thayer, *Banning TikTok Outright Would Be*

*Constitutional*, The Federalist Society (Feb. 10, 2023), available at https://fedsoc.org/commentary/fedsoc-blog/banning-tiktok-outright-would-be-constitutional.

Given the claims raised by Plaintiffs, this case is existential to those efforts and at the core of the Institute's mission. Thus, the Institute seeks relief to participate as an *amicus curiae*.

## II. THE PROPOSED *AMICUS* BRIEF IS RELEVANT AND DESIRABLE

Pursuant to Local Rule 7.5(b)(2)(D), a prospective *amicus* must "state why an *amicus* brief is desirable and relevant, including why the parties cannot adequately address the matter." D. Mont. L.R. 7.5(b)(2)(D). As the Ninth Circuit has held, a court "has broad discretion to appoint *amici curiae*." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). In determining whether to grant an *amicus's* Motion, the Court should consider whether the brief "supplement[s] the efforts of counsel, and draw[s] the court's attention to law that escaped consideration." *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. Mont.*, 694 F.2d. 203, 204 (9th Cir. 1982). As this Court stated when granting Plaintiffs' *amici's* motion, "amicus briefing may be helpful to provide unique information and perspective beyond that provided by the parties." Doc. No. 30.

The Institute, too, provides such unique perspective. Where the Parties will argue on the implications Montana's law has for the state of Montana and its citizens, the Institute can provide this Court with a deeper understanding on how Montana's law fits into the broader national conversation regarding the constitutionality of a TikTok ban and the harms TikTok inflicts on our national security. The Institute can also provide the Court with insights on how an adverse ruling in this case can detrimentally impact the efforts of the Biden Administration and the federal Congress to protect our communications networks from foreign adversaries leveraging technologies like TikTok.

The Institute is well suited to provide such a perspective. The Institute's scholars and thought leaders have advised and advocated in front of federal agencies that have successfully instituted similar bans on foreign technologies for the same reasons as national security concerns underlying Montana's law. Moreover, circuit court judges, legislatures, and regulators regularly cite the Institute's work as a source of authority concerning the intersection of constitutional fidelity and technology regulation. In fact, the Institute provided expert testimony in front of Montana's House of Representatives on this very law.

As indicated earlier, the Institute's scholars are championing the effort to ban TikTok on the federal level. The Institute is also viewed as a thought leader on the matter. *See* David Ingram, *The Movement to Ban TikTok: What the*

*Midterms Could Mean for the Future of the App*, NBC News (Nov. 5, 2022), available at https://www.nbcnews.com/tech/tech-news/tiktok-ban-midterm-election-vote-china-security-rcna49533; *see also* Stu Woo, *TikTok Ban Signed in Montana, Paving the Way for First Amendment Legal Battle*, The Wall Street Journal (May 17, 2023, 6:21 P.M.), available at https://www.wsj.com/articles/tiktok-ban-in-montana-sets-off-first-amendment-legal-fight-5a06d701.

For these reasons, the Institute respectfully seeks relief to provide its expertise and perspective to the Court via an *amicus curiae* brief. The Institute believes that its brief will help provide the Court with more context concerning the affect the ruling will have on federal investigations and legislation than what the Parties can cover on their own.

### III. TIMING OF *AMICUS* BRIEF

This Motion is timely. On July 5, 2023, TikTok and the individual plaintiffs filed their respective motions for preliminary injunction and supporting briefs. *See* Dkt. Nos. 11-18. That same day, all parties filed a Joint Motion for Schedule for Briefing and Hearing on Plaintiffs' and Consolidated Plaintiff's Motions for Preliminary Injunction. Dkt. No. 19. Pursuant to that joint motion, the

parties agreed that motions for leave to file *amicus* briefs opposing Plaintiff's injunction should be submitted on or before September 1, 2023.

Recently, the Court granted Plaintiff's *amici* motion to file an *amicus* brief due 14 days after filing their motion and granting them a word limit of 4,000 words. Dkt. No. 30. In equity, the Institute requests the same relief as those *amici*.

## IV. CONCLUSION

For all of the foregoing reasons, the Institute respectfully moves this Court for leave to file an *amicus* brief in opposition of the plaintiffs' and consolidated plaintiffs' motions for preliminary injunction in these consolidated cases, which will be no more than 4,000 words and due no later than 14 days after the filing of this Motion.

DATED this 30th day of August, 2023.

DONEY CROWLEY P.C.

_____
Jack G. Connors
P.O. Box 1185
Helena, MT 59624-1185
Telephone: (406) 443-2211
Facsimile: (406) 449-8443
Email: jconnors@doneylaw.com
*Attorneys for Proposed Amicus Curiae,
Digital Progress Institute*

THAYER PLLC

*/s/ Joel L. Thayer*
_____
Joel L. Thayer
1255 Union Street, 7th Floor
Washington, D.C. 20002
JThayer@thayer.tech
(760) 668-0934

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Local Rule 7.5(b)(2)(B), *Amicus Curiae* Digital Progress Institute ("Institute") files this Corporate Disclosure Statement, which complies with the requirements of Federal Rule of Civil Procedure 7.1.

The Institute hereby discloses that it is a 501(c)(4) District of Columbia organization, and has no parent corporation, nor does any publicly held corporation own 10% or more of its stock.

Dated: August 30th, 2023

                                  THAYER PLLC

                                  */s/ Joel L. Thayer*

                                  Joel L. Thayer
                                  *Attorney for Proposed Amicus Curiae,*
                                  *Digital Progress Institute*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Unopposed Motion for Leave to File Amici Curiae Brief, including the Corporate Disclosure Statement, contains 1199 words, exclusive of caption and certificates of service and compliance.

Dated: August 30, 2023

                                           DONEY CROWLEY P.C.

                                           */s/ Jack G. Connors*

                                           Jack G. Connors
                                           *Attorney for Proposed Amicus Curiae,*
                                           *Digital Progress Institute*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Unopposed Motion for Leave to File Amicus Curiae Brief* was filed with the Clerk of Court for the United States District Court for the District of Montana, Missoula Division by personal delivery. Participants in the case who are registered ECF users will be served by the ECF system when the motion is docketed. In addition, Amicus has served copies on lead counsel for Plaintiffs, Consolidated Plaintiff, and Defendant via first class U.S. mail, postage prepaid.

Dated: August 30, 2023

_____
Jack G. Connors
DONEY CROWLEY P.C.
P.O. Box 1185
Helena, MT 59624-1185
Telephone: (406) 443-2211
Facsimile: (406) 449-8443
Email: jconnors@doneylaw.com