JASON S. MIYARES*
Attorney General of Virginia
ANDREW N. FERGUSON**
Solicitor General
KEVIN M. GALLAGHER**
Deputy Solicitor General
ANNIE CHIANG*
Assistant Solicitor General
  202 North Ninth Street
  Richmond, VA 23219
  Telephone: (804) 786-7704
  E-mail: AFerguson@oag.state.va.us

*Not to be admitted or added to docket
**Pro hac vice forthcoming

DALE SCHOWENGERDT
Landmark Law, PLLC
  7 West 6th Ave. Suite 518
  Helena, MT 59601
  Telephone: (406) 457-5496
  dale@landmarklawpllc.com

*Attorneys for Amicus Curiae Commonwealth of Virginia*

**FILED**

SEP 0 1 2023

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SAMANTHA ALARIO, *et al.*, <br><br>Plaintiffs, <br><br>and, <br><br>TIKTOK INC., <br><br>Consolidated Plaintiff, <br><br>v. <br><br>AUSTIN KNUDSEN, *in his official capacity as Attorney General of the State of Montana* <br><br>Defendant. | Lead Case No. CV-23-56-M-DWM <br><br> Member Case No. CV-23-61-M-DWM <br><br>**UNOPPOSED MOTION OF AMICI CURIAE COMMONWEALTH OF VIRGINIA AND OTHER STATES FOR LEAVE TO FILE BRIEF AS AMICI CURIAE** |

The Commonwealth of Virginia respectfully moves this Court for leave to file a brief on behalf of itself and other States (collectively, Amici States) in the above captioned matter. Local Rules 7.1 and 7.5. Counsel for the Commonwealth of Virginia contacted counsel for the parties in this litigation and no party objected to this motion. Local Rule 7.1(c)(1).

Local Rule 7.5(b)(2) requires those seeking leave to file an amicus brief to file a motion with the Court that, among other things, states the amicus's interest in the matter and explains why the amicus brief is desirable and relevant. "Whether to allow participation by an amicus curiae rests within the broad discretion of this Court." *Greater Yellowstone Coal v. Servheen*, 2009 WL 10677466, at *1 (D. Mont. June 5, 2009); see also *California v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1163–64 (N.D. Cal. 2019) ("[G]enerally courts have exercised great liberality in permitting *amicus* briefs." (quotation marks omitted)). An amicus brief "should normally be allowed" when "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). Indeed, at its discretion, this Court has already permitted four

1

amici to file amicus briefs in support of Plaintiffs' motions for preliminary injunction, holding that this is "a case with substantial public interest" and "amicus briefing may be helpful to provide unique information and perspective beyond that provided by the parties." ECF No. 30 at 2. This Court should similarly grant Amici States' motion for leave to file a brief in opposition to the motions for preliminary injunction.

Amici States are a group of States that have a compelling interest in this case, given that Plaintiffs seek to enjoin a sister State's exercise of its historic police power of protecting its citizens from deceptive and harmful business practices. "It is a principle of federalism that 'each State may make its own reasoned judgment about what conduct is permitted or proscribed within its borders.'" *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012), *overruled in part on other grounds by Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n.32 (9th Cir. 2022) (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003)). Thus, consumer protection laws "have historically fallen into the purview of the states' broad police powers, to which the courts have afforded special solemnity." *Sukumar v. Nautilus, Inc.*, 829 F. Supp. 2d 386, 392 (W.D.

2

Va. 2011) (collecting cases); see also *California v. ARC Am. Corp.*, 490 U.S. 93, 101 (1989) (describing unfair business practices as "an area traditionally regulated by the States"); *Aguayo v. U.S. Bank*, 653 F.3d 912, 917 (9th Cir. 2011) (consumer-protection laws "fall in an area that is traditionally within the state's police powers to protect its own citizens").

Amici States' brief will explain how SB419 fits comfortably within this tradition. If this Court were to enjoin SB419, its decision could be felt beyond the particular facts of this case and threaten similar exercises of police power by Amici States within their own borders. See, *e.g.*, *National Union Fire Ins. v. Allfirst Bank*, 282 F. Supp. 2d 339, 351 (D. Md. 2003) (out-of-district decision is "persuasive authority entitled to substantial deference" in other district courts). Amici States have a strong interest in ensuring that their historic police powers are not undermined.

Amici States' brief is desirable and relevant for a separate reason: it ensures that the Court is fully informed about the balance of the equities. See, *e.g.*, *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (plaintiff seeking a preliminary injunction must

3

establish "that the balance of equities tip in his favor"). Understandably focusing on the merits of Plaintiffs' claims, the parties spent just a page or two each on this potentially critical issue. See TikTok Br. 28–29; Users Br. 27–28; Montana Br. 41–42. Amici States' brief will explain why the balance of hardships tips sharply in favor of Montana.

Finally, granting leave would not prejudice the parties or the progression of this case. On July 5, 2023, the parties filed a Joint Motion for Schedule for Briefing and Hearing on Plaintiffs' and Consolidated Plaintiff's Motions for Preliminary Injunctions in which the parties agreed that motions for leave to file amicus briefs in opposition to the motions for preliminary injunction would be filed by September 1, 2023. ECF No. 19. Given that the parties' agreed-upon schedule specifically contemplated motions for leave to file briefs, and given that the motions for preliminary injunction are not fully briefed and a hearing on the motions will not be held until October 12, 2023, Amici States' motion is timely. See, *e.g.*, *Fluor Corp & Affiliates v. United States*, 35 Fed. Cl. 284, 286 (1996) (filing amicus curiae brief in midst of briefing cross motions for summary judgment acceptable).

4

## CONCLUSION

For the foregoing reasons, this Court should grant Amici States leave to file an amici curiae brief of no more than 4,000 words in this case by September 11, 2023.

Respectfully submitted,

By: _____
Dale Schowengerdt
Landmark Law, PLLC
7 West 6th Ave. Suite 518
Helena, MT 59601
406-438-2163
dale@landmarklawpllc.com

| | |
|---|---|
| JASON S. MIYARES* *Attorney General* | ANDREW N. FERGUSON** *Solicitor General* |
| ANNIE CHIANG* *Assistant Solicitor General* | KEVIN M. GALLAGHER** *Deputy Solicitor General* |

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-5315 – Telephone
(804) 371-0200 – Facsimile

*\* Not to be admitted or added to docket*

September 1, 2023

*\*\* Pro hac vice forthcoming*

*Counsel for the Commonwealth of Virginia*

5

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.5(2)(A), I certify that the foregoing motion complies with Local Rule 7.1(b) and (c) and contains 871 words.

_____
Dale Schowengerdt

## CERTIFICATE OF SERVICE

I certify that on September 1, 2023, an accurate copy of the foregoing *Unopposed Motion of Amici Curiae Commonwealth of Virginia and Other States for Leave to file Brief as Amici Curiae* was filed with the Clerk of Court for the United States District Court for the District of Montana, Missoula Division, by personal delivery. Registered ECF users will be served by the ECF system when the motion is docketed. Lead counsel for Plaintiffs, Consolidated Plaintiff, and Defendant have also been served by U.S. mail, postage prepaid.

_____
Dale Schowengerdt