Natasha Prinzing Jones
BOONE KARLBERG P.C.
201 West Main St., Suite 300
Missoula MT 59807
(406) 543-6646
npjones@boonekarlberg.com
*Attorney for Plaintiffs*

Rob Cameron
JACKSON, MURDO & GRANT, P.C.
203 North Ewing
Helena, MT 59601
(406) 389-8244
rcameron@jmgattorneys.com
*Attorney for Consolidated Plaintiff*

CHRISTIAN B. CORRIGAN
 *Solicitor General*
BRENT MEAD
PETER M. TORSTENSEN, JR.
 *Deputy Solicitors General*
Montana Department of Justice
P.O. Box 201401
Helena, MT 59620
(406) 444-2026
Christian.Corrigan@mt.gov
Brent.Mead2@mt.gov
Peter.Torstensen@mt.gov
*Attorneys for Defendant*

*(additional counsel listed on signature page)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

|  |  |
|---|---|
| SAMANTHA ALARIO, et al., <br><br> *Plaintiffs*, <br><br> and <br><br> TIKTOK INC., <br><br> *Consolidated Plaintiff*, <br><br><br> AUSTIN KNUDSEN, *in his official capacity as Attorney General of the State of Montana*, <br><br> *Defendant*. | CV 23-56-M-DWM <br> CV 23-61-M-DWM <br><br> **JOINT NOTICE IN RESPONSE TO COURT ORDER** |

The Court's September 20, 2023, Order noted that the Federal Rules of Civil Procedure allow the Court to consolidate trial on the merits with the preliminary injunction hearing scheduled for October 12, 2023.  Doc. 74 (citing Fed. R. Civ. P. 65(a)(2)).  The Court's Order further invited the parties to clarify their intentions in light of Rule 65(a)(2).  After conferring, the Parties submit this Joint Notice regarding their respective positions on consolidation.

***Plaintiffs and Consolidated Plaintiff.***  Plaintiffs and Consolidated Plaintiff do not oppose consolidation.  The Parties' briefing on the motions for preliminary injunctions make clear this dispute is legal in nature.  *See Convention of States Pol. Fund v. Mangan*, 634 F. Supp. 3d 956, 958 (D. Mont. 2022) (consolidating preliminary injunction hearing with trial where "[t]he issues raised by the complaint [a]re legal" (citing *Slidewaters LLC v. Wash. State Dep't of Lab. & Indus.*, 4 F.4th 747, 760 (9th Cir. 2021)).  Despite requesting and obtaining expedited discovery from Consolidated Plaintiff in advance of filing its Opposition, Defendant did not rely on that discovery and has not sought conferral on any alleged deficiency in the produced discovery.  Defendant also did not submit any declarations in support of its Opposition or address the eight declarations submitted by Plaintiffs and Consolidated Plaintiff.  Any suggestion that this case requires additional facts or resolution of factual disputes is belied by Defendant's decision to oppose the preliminary injunction motions without relying on the discovery provided, seeking

additional discovery, submitting declarations, or mentioning Plaintiffs' and Consolidated Plaintiff's declarations.

The Court's September 20 Order also noted that "[t]here are time constraints to be considered." Should the Court order consolidation, Plaintiffs and Consolidated Plaintiff are prepared to present testimony expeditiously. For all witnesses called to testify, Plaintiffs and Consolidated Plaintiffs intend to ask the witnesses to affirm their declaration testimony in the course of very brief direct examinations, and make those witnesses available for cross-examination.[1] *See* Fed. R. Evid. 801 Advisory Committee Note on Proposed Rules ("If the witness admits on the stand that he made the statement and that it was true, he adopts the statement and there is no hearsay problem."); *Kuntz v. Sea Eagle Diving Adventures Corp.*, 199 F.R.D. 665, 668 (D. Haw. 2001) ("If any party lodges a hearsay objection to a declaration, the witness can take the stand in open court, be placed under oath, and then adopt the declaration or affidavit as his or her direct testimony."). Plaintiffs and Consolidated Plaintiff estimate they could complete all direct witness examinations in approximately 2.5 hours.

If the Court is inclined to allow Defendant additional discovery before a trial, Plaintiffs and Consolidated Plaintiff respectfully ask the Court to hold the

---

[1] Plaintiffs and Consolidated Plaintiff proposed waiving hearsay objections to testimony provided in declarations, but, for purposes of a consolidated trial on the merits, Defendant declined to stipulate to such waiver, necessitating brief direct examinations to adopt the declarations.

preliminary injunction hearing as scheduled, so that the Court may, if appropriate, enter preliminary injunctive relief before the Act's effective date of January 1, 2024.

**Defendant.** Defendant strongly objects to consolidation under Rule 65(a)(2). *See Slidewaters*, 4 F.4th at 759; *Isaacson v. Horne*, 716 F.3d 1213, 1220 (9th Cir. 2013). Consolidation under these circumstances would substantially prejudice Defendant by denying him an adequate opportunity to present his case. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (noting that "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits"); *Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (noting the different evidentiary standards at the preliminary injunction stage). A party "is not required to prove his case in full at a preliminary-injunction hearing," and it is thus "generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits." *Camenisch*, 451 U.S. at 395. And here, no party requested consolidation. *See Isaacson*, 716 F.3d at 1220.

To consolidate under Rule 65(a)(2), "[a] district court must give 'clear and unambiguous notice'" of its intent to do so "'either before the hearing commences or *at a time which will still afford the parties a full opportunity to present their respective cases*.'" *Slidewaters*, 4 F.4th at 760 (emphasis added) (quoting *Michenfelder v. Sumner*, 860 F.2d 328, 337 (9th Cir. 1988)). While the Court's

Order indicated that Rule 65(a)(2) permits it, in certain circumstances, to order consolidation, the Order does not provide "clear and unambiguous notice" of its intent to do so.  *See* Dkt. 74; *see also Slidewaters*, 4 F.4th at 759.  And if the Court proceeds with a trial on the merits at the currently scheduled hearing, Defendant's ability to present material evidence in support of his merits defenses will undoubtedly be substantially prejudiced.  *See id.* at 760 (quoting *Michenfelder*, 860 F.2d at 337); *see also Northern Arapahoe Tribe v. Hodel*, 808 F.2d 741, 753 (10th Cir. 1987) (consolidation of proceedings without opportunity to conduct discovery, present additional evidence, or request continuance constituted prejudicial error); *Am. Train Dispatchers Dep't of the Int'l Bhd. of Locomotive Eng'rs v. Fort Smith R.R.*, 121 F.3d 267, 270 (7th Cir. 1997) ("Because different standards of proof may apply in the hearing than in the trial, parties must be given a clear chance to object or to propose special procedures for the consolidation."); *Abraham Zion Corp. v. Lebow*, 761 F.2d 93, 101 (2d Cir. 1985) (The court must give the parties notice of such consolidation sufficient to give them an adequate opportunity to present their case).

Defendant, moreover, has a compelling reason for opposing consolidation. Defendant can identify discovery that will reasonably support his defenses at the trial stage.  *See Slidewaters*, 4 F.4th at 760 (rejecting the argument that consolidation was improper because plaintiff failed to identify discovery it would have sought

"that might reasonably have led to a different outcome").  This discovery necessarily includes documents and information in the sole possession of TikTok or third-parties.  As part of a stipulation with Plaintiffs and Consolidated Plaintiff to facilitate a streamlined briefing schedule, Defendant sought *limited* (and expedited) pre-Rule 26(f) discovery on topics Defendant believed may be relevant to the pending preliminary injunction motions.   Although those requests were relevant to Defendant's response, they are also relevant to his ultimate merits defenses, including TikTok's ownership structure, its data security and harvesting practices, its communications with ByteDance Ltd. or the Chinese Communist Party regarding U.S. user data, its collection of U.S. users' GPS data, and government investigations into TikTok.  Defendant has cited reems of publicly available data in briefing to show the State's interest in passing legislation addressing security and privacy concerns.  The State is entitled to discovery to elicit testimony firsthand about the data and privacy risks and meet its burden under the Rules.

At a minimum, Defendant would seek additional time to meet and confer over its limited discovery requests and to propound additional discovery relevant to those topics, including Rule 30(b)(6) depositions and expert testimony, so that he is not denied the opportunity to present material evidence at trial.  *Michenfelder*, 860 F.2d at 337.  If the Court elects to consolidate under Rule 65(a)(2), Defendant respectfully requests that the Court continue the scheduled hearing for at least 90 days to allow

the parties to adequately conduct discovery.

   *  *  *

Should the Court decline to order consolidation, the parties acknowledge the Court's order regarding time limitations on argument and will adhere to their stipulation to limit their presentation to attorney argument. *See Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009) ("A district court may … consider hearsay in deciding whether to issue a preliminary injunction."); *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994) (approving resolution of motion for preliminary injunction without oral testimony where "parties have a full opportunity to submit written testimony and argue the matter").

Dated: September 28, 2023    Respectfully submitted,


/s/ *Natasha Prinzing Jones*    /s/ *Christian B. Corrigan*
Natasha Prinzing Jones     Christian B. Corrigan
BOONE KARLBERG P.C.     *Solicitor General*
201 West Main St., Suite 300   Brent Mead
P.O Box 9199        Peter M. Torstensen, Jr.
Missoula MT 59807      *Deputy Solicitors General*
(406) 543-6646       Montana Department of Justice
npjones@boonekarlberg.com   P.O. Box 201401
           Helena, MT 59620
           (406) 444-2026
           Christian.Corrigan@mt.gov
           Brent.Mead2@mt.gov
           Peter.Torstensen@mt.gov

           *Attorneys for Defendant*

Ambika Kumar*
Tim Cunningham*
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 330
Seattle, WA 98104-1610
(206) 622-3150
ambikakumar@dwt.com
timcunningham@dwt.com
*admitted pro hac vice

*Attorneys for Plaintiffs Samantha
Alario, Heather Dirocco, Carly Ann
Goddard, Alice Held, and Dale Stout*


/s/ Rob Cameron
Rob Cameron
JACKSON, MURDO & GRANT, P.C.
203 North Ewing
Helena, MT 59601
(406) 389-8244
rcameron@jmgattorneys.com

Alexander A. Berengaut*
Megan A. Crowley*
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001
(202) 662-5367
aberengaut@cov.com
mcrowley@cov.com
*admitted pro hac vice

*Attorneys for Consolidated Plaintiff TikTok Inc.*