Natasha Prinzing Jones
BOONE KARLBERG P.C.
201 West Main St., Suite 300
Missoula, MT 59807
(406) 543-6646
npjones@boonekarlberg.com

*Attorney for Plaintiffs*

Rob Cameron
JACKSON, MURDO & GRANT, P.C.
203 North Ewing
Helena, MT 59601
(406) 398-8244
rcameron@jmgattorneys.com

*Attorney for Consolidated Plaintiff*

(*additional counsel listed on signature page*)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

| | |
|---|---|
| SAMANTHA ALARIO, et al., | ) |
| | ) |
| *Plaintiffs*, | ) |
| and | ) |
| | ) CV 23-56-M-DWM |
| TIKTOK INC., | ) CV 23-61-M-DWM |
| | ) |
| *Consolidated Plaintiff*, | ) **PLAINTIFFS' AND** |
| | ) **CONSOLIDATED PLAINTIFF'S** |
| v. | ) **PRELIMINARY PRETRIAL** |
| | ) **STATEMENT** |
| AUSTIN KNUDSEN, *in his official* | ) |
| *capacity as Attorney General of the* | ) |
| *State of Montana*, | ) |
| | ) |
| *Defendant*. | ) |

_____

Plaintiffs Samantha Alario, Heather DiRocco, Carly Ann Goddard, Alice Held, and Dale Stout ("Creator Plaintiffs") and Consolidated Plaintiff TikTok Inc. (collectively, "Plaintiffs") respectfully submit this preliminary pretrial statement pursuant to the Court's December 5, 2023 Order and Local Rule 16.2(b)(1).

## A.   Brief Factual Outline of the Case

This consolidated action challenges SB 419, "An Act Banning TikTok in Montana," because the ban violates the First Amendment and the Commerce and Due Process clauses of the U.S. Constitution, is preempted by federal law, and constitutes an unconstitutional Bill of Attainder.

TikTok is an online platform that allows users to create, share, and view videos and other forms of content. As of March 2023, every month, more than 150 million Americans, including hundreds of thousands of Montanans, use the TikTok platform to express themselves and connect with others. The five Creator Plaintiffs create, publish, view, interact with, and share videos on the TikTok platform. Consolidated Plaintiff TikTok Inc. provides the TikTok platform in the United States and itself speaks on the platform.

On May 17, 2023, the Governor of Montana signed SB 419, which provides that "Tiktok may not operate within the territorial jurisdiction of Montana." To enforce the ban, SB 419 imposes a $10,000 penalty on Consolidated Plaintiff TikTok Inc. and mobile application stores for each time a user "accesses tiktok, is

2

offered the ability to access tiktok, or is offered the ability to download tiktok" within the territorial jurisdiction of Montana, and an additional $10,000 each day thereafter that the violation continues. *See* SB 419 §§ 1(1), (7).

SB 419 identifies two purported reasons for the ban. First, SB 419 asserts that the TikTok platform poses a threat to national security, alleging, for example, that the platform "serves as a valuable tool to the People's Republic of China to conduct corporate and international espionage in Montana." SB 419 Preamble. Second, SB 419 alleges that "TikTok fails to remove, and may even promote, dangerous content that directs minors to engage in dangerous activities." *Id.*

Creator Plaintiffs and Consolidated Plaintiff seek declaratory relief invalidating SB 419 and an order permanently enjoining Attorney General Knudsen from enforcing the law. Defendant Austin Knudsen is the Attorney General of Montana and is sued in his official capacity because the Montana Department of Justice is tasked with enforcing SB 419. *See* SB 419 § 1(6).

### B. Basis for Jurisdiction and Venue

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because these consolidated actions arise under the U.S. Constitution and federal law. The Court also has jurisdiction under 28 U.S.C § 1343(a)(3) to redress deprivations "under color of any State law, statute, ordinance, regulation, custom or usage, or any right, privilege or immunity secured by the Constitution of the

United States." The Court has authority to grant declaratory and injunctive relief pursuant to 42 U.S.C. § 1983; the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*; the All Writs Act, 28 U.S.C. § 1651; and the Court's inherent equitable powers.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because the only Defendant, the Attorney General of Montana, resides in this district. Venue is also proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these consolidated actions occurred in this district.

Divisional venue in the Missoula Division is proper under Local Rules 1.2(c) and 3.2(b), and Mont. Code Ann. §§ 25-2-125, 25-2-126(1), and 25-2-118, because (1) three of five Creator Plaintiffs reside in and have suffered and will continue to suffer constitutional injuries in counties within the Missoula Division; and (2) Consolidated Plaintiff estimates that the Missoula Division has the greatest concentration of TikTok users of any division in the District of Montana.

### C. Factual Basis for Each Claim

In addition to the facts stipulated by the parties in their Statement of Stipulated Facts, Plaintiffs state as follows:

1.   TikTok Inc. and the TikTok Platform

As of March 2023, more than 150 million Americans, including hundreds of thousands of Montanans, use the TikTok platform on a monthly basis. Consolidated Plaintiff TikTok Inc. itself uses the TikTok platform to communicate. TikTok Inc. maintains an active TikTok account, operated by a U.S.-based team, which has more than 70 million followers globally.

TikTok Inc. enforces rules governing the scope of permissible content on the TikTok platform, which it has labeled its Community Guidelines.  TikTok's Community Guidelines prohibit users from showing or promoting dangerous activities and challenges.  TikTok Inc. proactively enforces its Community Guidelines through a mix of technology-based and human moderation.

Although there are other platforms that allow users to post and share content, the TikTok platform differs from these other platforms in important respects, including that its For You page allows creators to organically reach large numbers of users—beyond creators' friends, family, or co-workers—without any paid promotion.

The TikTok platform collects certain information from users in accordance with its U.S. Privacy Policy and Terms of Service.  Users must agree to the TikTok platform's Terms of Service as a condition of signing up for the platform.

5

Since 2019, TikTok Inc. has engaged with the Committee on Foreign Investment in the United States ("CFIUS"), an interagency committee chaired by the U.S. Department of the Treasury, in a national security review. Negotiations between TikTok Inc. and CFIUS are ongoing. *See* Status Report, *TikTok Inc. v. CFIUS*, No. 20-1444 (D.C. Cir. Dec. 22, 2023).

    2.    Creator Plaintiffs

Creator Plaintiffs have large followings on TikTok and only a fraction of those followings on other platforms, such as Facebook, Instagram, and YouTube. Creator Plaintiffs cannot meaningfully reconstitute their TikTok audiences on other platforms. Creator Plaintiffs use TikTok to form relationships and connect with diverse communities, to participate in important dialogues like suicide prevention and mental health for veterans, to express themselves creatively, to promote their businesses, and to earn income.

    3.    Montana's TikTok Ban

The Montana Governor signed SB 419 into law on May 17, 2023. SB 419 prohibits "the operation of tiktok" within the territorial jurisdiction of Montana and bans any efforts by TikTok Inc. or app stores to afford anyone in Montana "the option to download the tiktok mobile application." SB 419 § 1(1). To enforce the ban, the legislation imposes a $10,000 penalty for each "discrete violation," defined as any time "a user accesses tiktok, is offered the ability to access tiktok, or

6

is offered the ability to download tiktok" in the State.  *Id.* §§ 1(2), 1(7)(a).  Such penalties accrue against Consolidated Plaintiff and any "mobile application store," but not against any "users of tiktok."  *Id.* §§ 1(5), 1(7)(b).  SB 419 becomes "void if tiktok is acquired by or sold to a company that is not incorporated in any other country designated as a foreign adversary in 15 C.F.R. 7.4 at the time tiktok is sold or acquired."  *Id.* § 5.

The "findings" in the legislation charge TikTok with "stealing . . . information and data from users," which it allegedly provides to "the Chinese Communist Party" to enable it to engage in "corporate and international espionage."  The legislation's primary sponsor, Senator Shelley Vance, stated in a March 28, 2023 hearing that the SB 419 "puts an end to China's surveillance operation in Montana."  At a floor session on April 13, 2023, another sponsor of the legislation, Representative Brandon Ler, linked TikTok to the balloon that flew over Montana earlier that year and stated:  "I believe it's time we stand up to the Chinese and ban TikTok."  Attorney General Knudsen, whose office reportedly drafted SB 419, argued before the House Judiciary Committee that the legislation was necessary because "[China] see[s] a war with the United States as inevitable, and they're using TikTok as an initial salvo in that war."

### D. Legal Theory Underlying Each Claim

#### 1. SB 419 Violates the First Amendment

The First Amendment to the U.S. Constitution prohibits state laws that "abridg[e] the freedom of speech." U.S. Const. amend. I. By banning a forum that Plaintiffs and hundreds of thousands of people in Montana use to engage in constitutionally protected speech, SB 419 unlawfully abridges one of the core freedoms protected by the First Amendment.

SB 419 is subject to First Amendment scrutiny because it bans a single means of expression used by Plaintiffs and several hundred thousand Montanans, *see Minneapolis Star & Tribune Co. v. Minn. Comm'r of Revenue*, 460 U.S. 575, 581 (1983), and prevents TikTok Inc. from making editorial choices over what speech to allow on the platform, *see Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Bos.*, 515 U.S. 557, 569–70, 575 (1995).

SB 419 is subject to strict scrutiny because it (1) bans speech before it can occur, *see U.S. WeChat Users Alliance v. Trump*, 488 F. Supp. 3d 912, 926 (N.D. Cal. 2020); (2) targets a single medium of expression for disfavor, *see Minneapolis Star & Tribune Co.*, 460 U.S at 582, 585; (3) prohibits speech on a content- or viewpoint-basis, *see Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015); and (4) abridges the right to receive information, *see Wauchope v. U.S. Dep't of State*, 985 F.2d 1407, 1413 (9th Cir. 1993). SB 419 fails strict scrutiny because it does

not further a compelling state interest, is not narrowly tailored to achieve the State's asserted interests, and is not the least restrictive means to achieve those asserted interests. *Reed*, 576 U.S. at 171; *IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1126 (9th Cir. 2020).

Even if considered a "time, place, or manner" restriction subject to intermediate scrutiny, SB 419 still violates the First Amendment because it "foreclose[s] an entire medium of expression." *City of Ladue v. Gilleo*, 512 U.S. 43, 55 (1994); *see also Anderson v. City of Hermosa Beach*, 621 F.3d 1051, 1064 (9th Cir. 2010). SB 419 is substantially broader than necessary to achieve the State's asserted interests, and does not leave open ample alternative channels of communication. *See Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1229 (9th Cir. 1990). Among the wide range of less restrictive alternatives available to the State to achieve its asserted interests are generally applicable laws that—short of an outright ban of a communications platform—might restrict the kinds of data that companies may collect from Montana users, prevent companies from selling or providing data to certain third parties, or impose other data security requirements.

SB 419 is also unconstitutionally overbroad because virtually all of the speech SB 419 suppresses—even more than just a "substantial" amount—is

9

protected.  *See United States v. Stevens*, 559 U.S. 460, 473 (2010) (quoting *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 n.6 (2008)).

        2.    <u>SB 419 Is Preempted by Federal Law</u>

The Supremacy Clause of the U.S. Constitution prohibits States from regulating conduct "in a field that Congress, acting within its proper authority, has determined must be regulated by its exclusive governance." *Arizona v. United States*, 567 U.S. 387, 399 (2012).  SB 419 intrudes on the federal government's exclusive foreign affairs power and is accordingly preempted.  *See Movsesian v. Victoria Versicherung AG*, 670 F.3d 1067, 1072 (9th Cir. 2012) (en banc).

State laws are also preempted when they conflict with federal law, including when they stand "as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."  *Id.* (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)).  Congress has enacted multiple federal statutes to address the purported national security risks cited by SB 419, which leave no room for state regulation.

First, Section 721 of the Defense Production Act, 50 U.S.C. § 4565, authorizes CFIUS to review foreign acquisitions of U.S. businesses for national security risks.  Under the CFIUS framework, TikTok Inc. and the federal government are currently negotiating an agreement to address the federal government's national security concerns related to TikTok.  By banning TikTok in

Montana irrespective of these ongoing negotiations and *even if* an agreement under the CFIUS framework is reached, SB 419 "interferes with the methods by which the federal statute was designed to reach its goal." *Arellano v. Clark Cnty. Collection Serv., LLC*, 875 F.3d 1213, 1216 (9th Cir. 2017) (cleaned up).

Second, SB 419 conflicts with the International Emergency Economic Powers Act ("IEEPA"), which authorizes the President to regulate certain foreign-related property during a national emergency. *See* 50 U.S.C. § 1702(a)(1)(B). By banning the TikTok platform notwithstanding IEEPA's express language protecting "personal communication" and "information or informational materials," *id.* § 1702(b)(1), (3), SB 419 "upsets the balance" Congress struck, *see Arizona*, 567 U.S. at 403.

### 3. SB 419 Violates the Commerce Clause

The Commerce Clause of the U.S. Constitution prohibits states from imposing an undue burden on, or discriminating against, interstate or foreign commerce. *South Dakota v. Wayfair, Inc.*, 138 S. Ct. 2080, 2090–91 (2018). A state law imposes an undue burden on interstate commerce if "the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970); *see Nat'l Pork Producers Council v. Ross*, 143 S. Ct. 1142, 1158 n.2 (2023). SB 419 not only impedes but

cuts off an instrument for interstate commerce without advancing any adequate (let alone legitimate) local interest.

In addition to cutting off an instrument of interstate commerce, SB 419 disproportionately burdens non-Montanan TikTok users, who could be required to share *more* data with the TikTok platform, or who may be blocked from accessing the TikTok platform altogether. In contrast to these burdens on interstate commerce, SB 419 provides no local benefits.

SB 419 violates the foreign Commerce Clause as well. By imposing a statewide ban on TikTok only so long as TikTok Inc. remains owned by ByteDance or a company incorporated in a "country designated as a foreign adversary," SB 419 discriminates against foreign commerce. *See NFTC v. Natsios*, 181 F.3d 38, 68 (1st Cir. 1999). The State cannot justify this discrimination, as SB 419's national security rationale is not a "legitimate *local* purpose." *Maine v. Taylor*, 477 U.S. 131, 140 (1986) (emphasis added). And, as discussed above, nondiscriminatory alternatives to SB 419 are readily available.

### 4.   SB 419 is an Unconstitutional Bill of Attainder[1]

Article I of the U.S. Constitution provides that "[n]o State shall . . . pass any Bill of Attainder," U.S. Const. art. 1, § 10, cl. 1. SB 419 constitutes an

---

[1] Only Consolidated Plaintiff has asserted a claim that SB 419 is an unconstitutional Bill of Attainder. *See* Dkt 1 in 23-CV-61-M-DWM.

12

unconstitutional Bill of Attainder because it (1) specifies affected persons or groups, (2) inflicts punishment, and (3) lacks a judicial trial. *See Selective Serv. Sys. v. Minnesota Pub. Int. Rsrch. Grp.*, 468 U.S. 841, 846–47 (1984).

### 5. SB 419 Violates Creators Plaintiffs' Due Process Rights[2]

The Fourteenth Amendment to the U.S. Constitution provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. SB 419 deprives Creator Plaintiffs of their property rights in their TikTok accounts, including their followers and the revenues they derive therefrom; of their liberty to pursue their chosen occupation as TikTok content creators; and of their liberty to obtain information through the TikTok platform. Creator Plaintiffs did not receive adequate notice or opportunity to respond to the deprivations mandated by SB 419. Enforcement of SB 419 will cause them to be denied constitutionally protected property rights and liberties without due process of law.

Additionally, Creator Plaintiffs' liberty to pursue their chosen occupation, and to obtain information, are fundamental rights deeply rooted in our nation's history. The deprivation of these rights is thus subject to strict scrutiny, no matter the process provided. No legitimate, let alone compelling, state interest that

---

[2] Only Creator Plaintiffs have asserted a claim that SB 419 violates their due process rights. *See* Dkt 1 in 23-CV-56-M-DWM.

Montana can lawfully pursue justifies SB 419's deprivations. Nor is SB 419 rationally related, let alone narrowly tailored, to achieve its purported objectives. SB 419 therefore violates Creator Plaintiffs' due process rights.

### E. Computation of Damages

Plaintiffs are not seeking monetary damages in these consolidated actions for declaratory and injunctive relief.

### F. Related State or Federal Litigation

Plaintiffs are not aware of any pending or resolved state or federal litigation related to these consolidated actions.

### G. Proposed Stipulations of Fact and What Law Applies

The parties have filed a separate Joint Statement of Stipulated Facts. Plaintiffs do not propose additional stipulated facts at this time.

Federal law governs Plaintiffs' claims, all of which arise under the U.S. Constitution and federal law.

### H. Proposed Deadlines Regarding Joinder of Parties or Amendment to Pleadings

Plaintiffs propose that the Court require the parties to join additional parties and/or amend their pleadings no later than January 31, 2024.

### I. Identification of Controlling Issues of Law Suitable for Pretrial Disposition

Plaintiffs believe that their claims that SB 419 violates the First Amendment and the Commerce Clause and is preempted by federal law are all suitable for

pretrial disposition in the form of summary judgment and anticipate filing a motion for summary judgment granting the declaratory and injunctive relief sought in both complaints.

**J.     Name of Each Individual Believed to Have Relevant Information**

Plaintiffs believe that their claims that SB 419 violates the First Amendment and the Commerce Clause and is preempted by federal law can be resolved on summary judgment on the existing record, such that no discovery is necessary.

As an alternative, at this stage of the case, Plaintiffs anticipate that the following individuals have relevant information:

Samantha Alario (c/o Davis Wright Tremaine LLP) has information regarding her use of the TikTok platform to create content, for marketing her business, and for her own education and entertainment. She also has information regarding her relative success marketing her business on TikTok as compared to other social media applications.

Heather DiRocco (c/o Davis Wright Tremaine LLP) has information regarding her use of the TikTok platform to create content and connect with diverse communities. She also has information regarding her ability to earn income on TikTok, and her success as a creator on TikTok relative to other social media applications.

Carly Ann Goddard (c/o Davis Wright Tremaine LLP) has information regarding her use of the TikTok platform to create content and connect with communities–in particular with other mothers.  Ms. Goddard also has information regarding income earned on TikTok, her success on TikTok relative to other social media applications, and the impact of SB 419 on her and her family.

Alice Held (c/o Davis Wright Tremaine LLP) has information regarding her use of the TikTok platform to create content and connect with others on issues like exercise, mental health, and sobriety.  She also has information regarding income generated on TikTok, and her success generating followers on TikTok relative to other social media applications.

Dale Stout (c/o Davis Wright Tremaine LLP) has information regarding his use of the TikTok platform to create content, meet new people, develop relationships, and form community.  He also has information regarding income earned through TikTok, and his success gaining followers and connecting with others on TikTok relative to other social media applications.

Blake Chandlee (c/o Covington & Burling LLP) has information regarding the TikTok platform and business, including TikTok Inc.'s ongoing efforts to strengthen data security and TikTok Inc.'s efforts to foster a safe and supportive environment on the TikTok platform.

Steven Weber (c/o Covington & Burling LLP) has information regarding how digital technologies relate to national security, as well as the industry-wide challenges relating to data security and content moderation that are facing major social media and entertainment platforms.

Karen Sprenger (c/o Covington & Burling LLP) has information regarding technological issues regarding the implementation of SB 419.

Additional witnesses identified in discovery, that are disclosed by Defendant, or that are necessary for foundation, rebuttal, or impeachment, may also have relevant information.

### K. Substance of Any Insurance Agreement

Plaintiffs are not aware of any insurance agreement implicated by this litigation.

### L. Status of Settlement Discussions and Prospects of Compromise

The parties have not engaged in any settlement discussion, and Plaintiffs do not believe a compromise is likely to resolve their claims.

### M. Suitability of Special Procedures

Plaintiffs are not aware of any special procedures suitable to the resolution of their claims.

DATED this 16th day of January, 2024.

| | |
|---|---|
| */s/ Natasha Prinzing Jones* | */s/ Rob Cameron* |
| Natasha Prinzing Jones | Rob Cameron |
| BOONE & KARLBERG P.C. | JACKSON, MURDO & GRANT, P.C. |
| 201 West Main St., Suite 300 | 203 North Ewing |
| Missoula, MT 59807 | Helena, MT 59601 |
| (406) 543-6646 | (406) 389-8244 |
| npjones@boonekarlberg.com | rcameron@jmgattorneys.com |
| | |
| Ambika Kumar *(pro hac vice)* | Alexander A. Berengaut *(pro hac vice)* |
| Tim Cunningham *(pro hac vice)* | Megan A. Crowley *(pro hac vice)* |
| Davis Wright Tremaine LLP | Covington & Burling LLP |
| 920 Fifth Avenue, Suite 330 | 850 Tenth Street, NW |
| Seattle, WA 98104-1610 | Washington, DC 20001 |
| (206) 622-3150 | (202) 662-5367 |
| ambikakumar@dwt.com | aberengaut@cov.com |
| tcunningham@dwt.com | mcrowley@cov.com |
| | |
| *Attorneys for Plaintiffs Samantha Alario, Heather DiRocco, Carly Ann Goddard, Alice Held, and Dale Stout* | *Attorneys for Consolidated Plaintiff TikTok Inc.* |