AUSTIN KNUDSEN  
Montana Attorney General  
CHRISTIAN B. CORRIGAN  
  *Solicitor General*  
PETER M. TORSTENSEN, JR.  
  *Deputy Solicitor General*  
215 North Sanders  
P.O. Box 201401  
Helena, MT 59620-1401  
Phone: 406-444-2026  
Fax: 406-444-3549  
christian.corrigan@mt.gov  
peter.torstensen@mt.gov  

TYLER GREEN*  
Consovoy McCarthy PLLC  
222 S. Main Street, 5th Floor  
Salt Lake City, UT 84101  
Phone: 703-243-9423  
tyler@consovoymccarthy.com  
  *Admitted *pro hac vice*  

KATHLEEN L. SMITHGALL  
Consovoy McCarthy PLLC  
1600 Wilson Blvd., Suite 700  
Arlington, VA 22209  
Phone: 703-243-9423  
katie@consovoymccarthy.com  

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT  
FOR THE DISTRICT OF MONTANA  
MISSOULA DIVISION

| | |
|---|---|
| SAMANTHA ALARIO, ET AL., <br><br> *Plaintiffs,* <br><br> and <br><br> TIKTOK, INC., <br><br> *Consolidated Plaintiff,* <br><br> v. <br><br> AUSTIN KNUDSEN, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF MONTANA, <br><br> *Defendant.* | Lead Case No. <br> CV-23-56-M-DWM <br><br> Member Case No. <br> CV 23-61-M-DWM <br><br> **DEFENDANT'S RESPONSE TO PLAINTIFFS' DISCOVERY PROPOSAL** |

Plaintiffs' discovery proposal first reasserts that "this case raises predominantly legal issues and that further discovery is not necessary." ECF 129, at 2. But as explained extensively in the State's pretrial statement (ECF 127), the State's position articulated in the joint Rule 26(f) report (ECF 126), and the State's notice of discovery (ECF 130), this case rests on several important factual disputes that warrant further discovery. Rather than repeat those explanations, the State reasserts here that discovery is not only warranted but necessary. *See generally* ECF 130.

Plaintiffs then identify two broad categories of discovery that they seek to obtain from the State should this Court permit discovery to move forward. Plaintiffs further identify the entities or individuals that they believe possess information relevant to those topics. Specifically, they identify Attorney General Austin Knudsen.

Any attempt to depose the Attorney General would be barred by this Circuit's "apex" doctrine. In *In re United States Department of Education*, the Ninth Circuit held that a party seeking to depose a high-ranking political official bears the heavy burden of showing (1) the agency acted in bad faith; (2) the information sought "is essential to the case;" and (3) the information "cannot be obtained in any other way." 25 F.4th

2

692, 702 (9th Cir. 2022).[1] To the extent Plaintiffs seek to depose the Attorney General himself, they cannot satisfy any of those factors.

First, Plaintiffs never claim that the Attorney General or the Department of Justice acted in bad faith. Rather, Plaintiffs rely on public statements the Attorney General made about the justification for SB 419, *see* ECF 129, at 4 nn.2-3, claiming that the law is "unjustified," ECF 12, at 12, and "unconstitutional," *id.* at 1, and that the State's interests are "unsubstantiated," *id.* at 9. But they never claim that the Office of the Attorney General has been "dishonest" or otherwise acted in "bad faith." *In re U.S. Dep't of Edu.*, 25 F.4th at 703; *accord Givens v. Newsom*, No. 2:20-cv-0852-JAM-CKD, 2021 U.S. Dist. LEXIS 3135, at *13-15 (E.D. Cal. Jan. 7, 2021).

---

[1] The Ninth Circuit explained that while "district courts have occasionally ordered such depositions, circuit courts have issued writs of mandamus to stop them when asked to, generally finding that the circumstances before them were not extraordinary." *In re U.S. Dep't of Edu.,* 25 F.4th at 701 (citing *e.g.*, *In re Clinton*, 973 F.3d 106, 109 (D.C. Cir. 2020), *cert. denied sub nom. Jud. Watch, Inc. v. Clinton*, 141 S. Ct. 1740 (2021); *In re United States*, 624 F.3d 1368, 1377 (11th Cir. 2010); *In re United States*, 197 F.3d 310, 316 (8th Cir. 1999); *In re F.D.I.C.*, 58 F.3d 1055, 1060 (5th Cir. 1995); *In re United States*, 985 F.2d 510, 512-13 (11th Cir. 1993); *In re McCarthy*, 636 F. App'x 142, 142 (4th Cir. 2015); *In re United States*, 542 F. App'x 944, 947 (Fed. Cir. 2013)).

Second, the information purportedly sought from the Attorney General is not "essential to the case." *Id.* Indeed, Plaintiffs have repeatedly stated their primary position: that "further discovery is not necessary." ECF 129, at 2. And the discovery that they identify is merely responsive to the State's discovery. *Id.* at 2-5. They seek information about "the facts on which the State may rely in this action," *id.* at 2, as well as information responsive to the consumer-protection interest the State asserts, *id.* at 5. Regardless of how "relevant" Plaintiffs believe this information is, Plaintiffs have made clear that it is "not absolutely needed for [the] case." *In re U.S. Dep't of Edu.*, 25 F.4th at 703 (citing *In re United States*, 197 F.3d 310, 312-13 (8th Cir. 1999)).

Third, the information about the State's consumer-protection interests—including the information considered by the State, and the consumer complaints relating to TikTok—can be obtained in other ways, subject to other objections the State may raise in the course of litigation. Here, the information Plaintiffs seek can be obtained from other individuals in the Montana Department of Justice or other State governmental entities, including through Rule 30(b)(6) depositions. *In re U.S. Dep't of Edu.*, 25 F.4th at 703-04; *First Resort, Inc. v. Herrera*, No. 11-5534, 2014

WL 589054, at *7 (N.D. Cal. Feb. 14, 2014). The Court need not take the State's word for it; Plaintiffs identify several sources for the same information they purportedly seek from the Attorney General. ECF 129, at 4; *see also In re United States*, 985 F.2d 510, 512-13 (11th Cir. 1993) ("The record discloses that testimony was available from alternate witnesses ….").

Finally, because Plaintiffs challenge a legislative enactment, discovery into pretext and improper motive is unwarranted. In the First Amendment context, "[t]he relevant governmental interest is determined by objective indicators as taken from the face of the statute, the effect of the statute, comparison to prior law, facts surrounding enactment of the statute, the stated purpose, and the record of proceedings." *Las Vegas v. Foley*, 747 F.2d 1294, 1297 (9th Cir. 1984). And, "[t]he Supreme Court has held that an otherwise constitutional statute will not be invalidated on the basis of an alleged illicit legislative motive, and has refused to inquire into legislative motives." *Id.* (cleaned up) (citing *e.g., United States v. O'Brien*, 391 U.S. 367, 384 (1968); *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951); *Arizona v. California*, 283 U.S. 423, 455 (1931)).

As the Ninth Circuit clearly stated in *Foley*, "[a]llowing discovery of legislative motives … would not only create a major departure from the precedent rejecting the use of legislative motives, but is also inconsistent with basic analysis under the First Amendment which has not turned on the motives of the legislators, but on the effect of the regulation." 747 F.2d at 1298; *see also id.* at 1297 ("The [Supreme] Court prevents inquiry into the motives of legislators because it recognizes that such inquiries are a hazardous task. Individual legislators may vote for a particular statute for a variety of reasons."). The Attorney General, moreover, is not a member of the Montana Legislature, did not vote on SB419, and did not sign SB419 into law.

Beyond these specific objections to Plaintiffs' proposed discovery at this juncture, the State reserves general and specific objections consistent with the Federal Rules of Civil Procedure and this Court's local rules in response to Plaintiffs' specific discovery requests.

DATED this 22nd day of February 2024.

AUSTIN KNUDSEN
Montana Attorney General

*/s/ Christian B. Corrigan*
CHRISTIAN B. CORRIGAN
*Solicitor General*

        PETER M. TORSTENSEN, JR.
         *Deputy Solicitor General*
        215 North Sanders
        P.O. Box 201401
        Helena, MT 59620-1401
        christian.corrigan@mt.gov
        peter.torstensen@mt.gov

        KATHLEEN L. SMITHGALL
        CONSOVOY MCCARTHY PLLC
        1600 Wilson Boulevard, Suite 700
        Arlington, VA 22209
        (703) 243-9423
        katie@consovoymccarthy.com

        Tyler Green*
        Consovoy McCarthy PLLC
        222 S. Main Street, 5th Floor
        Salt Lake City, UT 84101
        Phone: 703-243-9423
        tyler@consovoymccarthy.com
         *Admitted *pro hac vice*

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this date, an accurate copy of the foregoing document was served electronically through the Court's CM/ECF system on registered counsel.

Dated: <u>February 22, 2024</u>        <u>/s/ *Christian B. Corrigan*</u>
                                        CHRISTIAN B. CORRIGAN