Natasha Prinzing Jones
BOONE KARLBERG P.C.
201 West Main Street, Suite 300
Missoula, MT 59807
(406) 543-6646
npjones@boonekarlberg.com

*Attorney for Plaintiffs*

Rob Cameron
JACKSON, MURDO & GRANT, P.C.
203 North Ewing
Helena, MT 59601
(406) 389-8244
rcameron@jmgattorneys.com

*Attorney for Consolidated Plaintiff*

Christian B. Corrigan
 *Solicitor General*
MONTANA DEPARTMENT OF JUSTICE
 P.O. Box 201401
Helena, MT 59620
(406) 444-2026
christian.corrigan@mt.gov

*Attorney for Defendant*

(additional counsel listed on signature page)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| SAMANTHA ALARIO, et al., <br><br> *Plaintiffs,* <br> and <br><br> TIKTOK INC., <br><br> *Consolidated Plaintiff,* <br><br> v. <br><br> AUSTIN KNUDSEN, *in his official capacity as Attorney General of the State of Montana,* <br><br> *Defendant.* | CV 23-56-M-DWM <br> CV 23-61-M-DWM <br><br> **JOINT STATUS REPORT** |

The parties jointly file this status report pursuant to the Court's Order dated February 19, 2025.  Dkt. No. 139.

On February 19, 2025, this Court, at the joint request of the parties, stayed this case "pending the President's determination of an appropriate course of action with respect to TikTok in connection with the Protecting Americans from Foreign Adversary Controlled Applications Act" (the "Federal Act").  *Id.*  The Court ordered the parties to file a status report within 30 days of the President's determination.  *Id.*

On January 20, 2025, the President issued an Executive Order delaying enforcement of the Federal Act.  *Application of Protecting Americans From Foreign Adversary Controlled Applications Act to TikTok*, Exec. Order No. 14166, 90 Fed. Reg. 8611 (Jan. 20, 2025).  The Executive Order instructed "the Attorney General not to take any action to enforce the [Federal] Act" for 75 days.  *Id.*

On April 4, 2025, June 19, 2025, and September 16, 2025, the President issued additional Executive Orders further delaying enforcement of the Federal Act. *Extending the TikTok Enforcement Delay*, Exec. Order No. 14258, 90 Fed. Reg. 15209 (Apr. 4, 2025); *Further Extending the TikTok Enforcement Delay*, Exec. Order No. 14310, 90 Fed. Reg. 26913 (June 19, 2025); *Further Extending the TikTok Enforcement Delay*, Exec. Order No. 14350, 90 Fed. Reg. 45903 (Sept. 16, 2025).

On September 25, 2025, the President issued an order in which he explained that a transaction had been proposed to him under which the TikTok U.S. application

would be operated by a new joint-venture company based in the United States. *Saving TikTok While Protecting National Security*, Exec. Order 14352, 90 Fed. Reg. 47219 (Sept. 25, 2025) ("September 25 Executive Order").  The President concluded that this transaction is a "qualified divestiture" under the Federal Act.  *Id.* at 47220. The President "determined that [the] proposed divestiture would . . . protect[] national security," *id.*, by "removing TikTok in the United States from China's control," and delayed enforcement of the Federal Act for another 120 days "[t]o permit the contemplated divestiture to be completed," *id.* at 47221.

In light of these developments, the parties respectfully submit that a further stay of proceedings is appropriate.  First, as the parties have previously noted, *see* Dkt. 136 at 3–4, the qualified divestiture pursuant to the Federal Act bears upon, *inter alia*, the preemption analysis in this case, and a continued stay would further the orderly course of justice by clarifying the issues in this matter and potentially mooting this case.  Second, as with the parties' previous motion for a stay, an extension of this stay would not prejudice any party.  *Safari Club Int'l v. Bonta*, No. 2:22-cv-01395-DAD-JDP, 2023 WL 3505373, at *1 (E.D. Cal. May 17, 2023) ("Because no party objects to the entry of a stay and in fact jointly so move, no prejudice or harm from the granting of a stay is apparent on the record.  Thus, the court will grant the parties' joint motion to stay this action.").

The parties therefore request that they be permitted to file another status report within 30 days of the completion of the contemplated divestiture referred to in the September 25 Executive Order.

DATED this 21st day of October, 2025.

/s/ *Natasha Prinzing Jones*
Natasha Prinzing Jones
BOONE KARLBERG P.C.
201 West Main Street, Suite 300
Missoula, MT 59807
(406) 543-6646
npjones@boonekarlberg.com

Ambika Kumar*
Tim Cunningham*
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 330
Seattle, WA 98104-1610
(206) 662-3150
ambikakumar@dwt.com
timcunningham@dwt.com
*admitted pro hac vice

*Attorneys for Plaintiffs Samantha Alario, Heather DiRocco, Carly Ann Goddard, Alice Held, and Dale Stout*

/s/ *Rob Cameron*
Rob Cameron
JACKSON, MURDO GRANT, P.C.
203 North Ewing
Helena, MT 59601
(406) 389-8244
rcameron@jmgattorneys.com

/s/ *Christian B. Corrigan*
Christian B. Corrigan
  *Solicitor General*
MONTANA DEPARTMENT OF JUSTICE
P.O. Box 201401
Helena, MT 59620
(406) 444-2026
christian.corrigan@mt.gov
*Attorney for Defendant*

4

Alexander A. Berengaut*
Megan A. Crowley*
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001
(202) 662-5367
aberengaut@cov.com
mcrowley@cov.com
*admitted pro hac vice

*Attorneys for Consolidated Plaintiff TikTok Inc.*